UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEILA ANDRADE, ) <br> ) <br>       Plaintiff   ) <br> ) <br> v.   ) <br> ) <br> GENERAL SERVICES ADMINISTRATION,  ) <br> ) <br>       Defendant.  ) | Civil Action No. 23-cv-00245 (TSC) |

## MEMORANDUM OPINION

Currently before the court is the unopposed Motion to Dismiss ("MTD"), ECF No. 4, filed by Defendant, the United States General Services Administration ("GSA"). For the reasons explained below, the GSA's Motion to Dismiss is granted, and this case is dismissed pursuant to Federal Rule 12(b)(1).[1]

## BACKGROUND

Plaintiff, Leila Andrade, originally filed this matter on August 18, 2022, in the Superior Court for the District of Columbia, *see* Superior Ct. Record ("Record"), ECF No. 6, at 2–5,[2] Superior Court Docket ("Sup. Ct. Dkt."); *see also* Def.'s Notice of Removal ("Not."), ECF No. 1, by filing a *pro se* Complaint ("Compl."), ECF No. 1-1, seeking between $30,450 and $50,000 in damages arising from a motor vehicle accident that occurred in the District of Columbia, *see id.* at 1, 14–15.[3] The Complaint itself contains spare information regarding damages and is left

---

[1] GSA also moves to dismiss pursuant to Federal Rule 12(b)(6). *See* MTD at 1–5. However, because the court finds that it is without subject matter jurisdiction and dismisses this matter in full based on this superseding ground, it need not reach GSA's 12(b)(6) arguments.

[2] The court references the ECF-generated page numbers in citing to the Superior Court record.

[3] The court references the ECF-generated page numbers in citing to the Complaint.

1

blank in all other respects. *See id.* at 1–2. Although Andrade attaches a handful of Exhibits to her Complaint, *see id.* at 5–7, 9–13, she neither cites to them nor explains their significance, *see id*. at 1–2; *see also* D.C. LCvR 5.1(e), (g). As far as it can be gleaned from those Exhibits, on the morning of April 28, 2022, Andrade was driving to work when she struck a vehicle on 17th Street NW. *See id.* at 10, 12. She contends that "intense" steam was emanating from a nearby manhole, which obstructed her view and caused her to rear-end the vehicle directly in front of her, "head on without [any] brakes." *See id*. at 10. Notwithstanding, Andrade was found at fault for the accident and cited by the D.C. Metropolitan Police Department for "fail[ing] to control speed to avoid colliding." *See id.* at 12. Andrade, as well as the driver and two passengers of the other vehicle, were all transported to George Washington Hospital for medical attention. *See id*. Andrade sues GSA for negligence, seemingly arising from its possible installation of a steam pipe below the manhole, and its subcontractor's maintenance of same. *See id.* at 9. She seeks compensation for her traffic fine, the damage to her vehicle, the cost of her car rental and ambulance ride, and for unspecified pain and suffering, *see id.* at 1.

On January 27, 2023, GSA removed this matter to this court pursuant to 28 U.S.C. § 1442(a)(1). *See* Not. at 1. The case was assigned to this court on February 9, 2023, *see* Dkt. at Case Assignment, and on April 14, 2023, GSA filed the pending Motion to Dismiss. On April 17, 2023, the court entered an Order, ECF No. 5, advising Andrade of certain formal requirements and of her general obligations to follow the D.C. Local Civil Rules and the Federal Rules of Civil Procedure, and referring her to the court's "*Pro Se* Non-Prisoner Handbook," located on the court's public website. *See id.* at 1. Andrade was also forewarned that failure to adhere to either the Local or Federal Rules, or orders of this court, could result in sanctions, up to and including dismissal of this action. *See id*. at 2. On the same date, the court entered a

separate Minute Order, staying the case pending receipt of the official record from the Superior Court. *See* Minute Order (entered 4/17/2023). The Superior Court record was entered on the docket on July 25, 2023. *See* Dkt. at Record (Date Entered).

Having received the record, on September 19, 2023, the court then lifted the stay, *see* Minute Order (entered on 9/19/23), and separately issued an Order, ECF No. 7, advising Andrade of her obligation to respond to GSA's pending Motion to Dismiss by October 20, 2023, or risk the court ruling on the Motion, or otherwise dismissing the case, without her input, *see id.* at 1–2 (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam)). That deadline has long since elapsed, and Andrade has neither filed a response to the Motion to Dismiss, nor requested additional time to do so. Indeed, Andrade has not once directly participated in this matter since its removal to federal court.

## LEGAL STANDARD

### Federal Rule 12(b)(1)

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.'" *Bronner v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317 (D.C. Cir. 2012)); *see Gunn v. Minton,* 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts have an obligation to ensure that they do not exceed the scope of their jurisdiction. Absent subject-matter jurisdiction over a case, a court must dismiss it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)); Fed. R. Civ. P. 12(h)(3).

To survive a motion to dismiss under Federal Rule 12(b)(1), the plaintiff bears the burden of demonstrating a court's subject-matter jurisdiction over the claim at issue. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015), *cert. denied*, 577 U.S. 1103 (2016); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). When considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all uncontroverted material factual allegations contained in the complaint and "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005); *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004)). A court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

When reviewing a challenge pursuant to Rule 12(b)(1), a court may consider documents outside the pleadings to assure itself that it has jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). By considering documents outside the pleadings when reviewing a motion to dismiss pursuant to Rule 12(b)(1), a court does not convert the motion into one for summary judgment; "the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment" when documents extraneous to the pleadings are considered by a court. *Haase*, 835 F.2d at 905. And, in considering a motion to dismiss in a *pro se* case, the court should consider the plaintiff's *pro se* filings *in toto*. *See Brown v Whole Foods Market Group, Inc.*, 789 F.3d 146, 151–52

4

(D.C. Cir. 2015) (per curiam) ("a district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings[.]").

## DISCUSSION

Andrade has failed to establish subject matter jurisdiction over her claims. Under the Federal Tort Claims Act ("FTCA"), a claimant may sue the federal government for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). First, and notable here, the "United States of America is the only proper defendant in a suit under the FTCA." *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp. 3d 1, 6 n.3 (D.D.C. 2016); *see Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("[A] plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself[.]") (citing 28 U.S.C. § 1346(a)(2); *Goddard v. D.C. Redevelopment Land Agency*, 287 F.2d 343, 345–46 (D.C. Cir. 1961); *Welsh v. Hagler*, 83 F. Supp. 3d 212, 223 (D.D.C. 2015)); *see also* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b)[.]").

Andrade has named GSA as the sole defendant to this lawsuit. *See* Compl. at 1, 4. Her "[f]ailure to name the United States as the defendant in an FTCA action requires dismissal for lack of subject-matter jurisdiction." *Coulibaly*, 213 F. Supp. 3d at 125 (citing *Johnson v. Veterans Affairs Med. Ctr.*, 133 F. Supp. 3d 10, 17 (D.D.C. 2015); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990)).

Second, to bring suit under the FTCA, a claimant must first satisfy the FTCA's exhaustion requirement under 28 U.S.C. § 2675, which provides that

> [a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have *first presented the claim to the appropriate Federal agency* and h[er] claim shall have been *finally denied* by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). Moreover, in doing so, a claimant must comply with specific formal requirements, including timely presenting the agency with (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim. *See id*. §§ 2675(a)–(b); *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987).

"The Supreme Court has interpreted [§ 2675] to mean that '[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies[,]'" *Norton v. United States*, 530 F. Supp. 3d 1, 5 (D.D.C. 2021) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)), and has further instructed that a claimant's failure to "heed [the FTCA's] clear statutory [exhaustion] command" warrants dismissal of their FTCA claim. *See id.* (quoting *McNeil*, 508 U.S. at 113; citing *Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. 2010)). Likewise, D.C. Circuit precedent holds that the "FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action [is] jurisdictional." *Simpkins v. Dist. of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997); *see Odin v. United States*, 656 F.2d 798, 802 (D.C. Cir. 1981) (holding that exhaustion under the FTCA is a "'jurisdictional prerequisite[ ]' to suit"); *GAF Corp.*, 818 F.2d at 904–05 (holding that § 2675 imposes a "jurisdictional prerequisite to the maintenance of a tort suit against the United States"). Because the FTCA's exhaustion requirement is jurisdictional, it cannot be waived. *See*

*Corsi v. Mueller*, 422 F. Supp. 3d 51, 73 (D.D.C. 2019) (citing *Hohri v. United States*, 782 F.2d 227, 245–46 (D.C. Cir. 1986), *rev'd on other grounds*, 482 U.S. 64, 107 (1987)), *aff'd*, 819 Fed. Appx. 6, (D.C. Cir. 2020); *Smith v. Clinton*, 253 F. Supp. 3d 222, 238 (D.D.C. 2017) (holding that "the FTCA's exhaustion requirement is jurisdictional and cannot be excused" and stating that futility applies only to non-jurisdictional exhaustion), *aff'd*, 886 F.3d 122 (D.C. Cir. 2018), *cert. denied*, 139 S. Ct. 459 (2018); *Norton*, 530 F. Supp. 3d at 7 (same); *Chien v. United States*, No. 17-2334, 2019 WL 4602119, at *8 (D.D.C. Sept. 23, 2019) ("[A] court may not waive the FTCA's exhaustion requirement on equitable grounds.")).

Here, there is no indication that Andrade ever administratively exhausted her tort claim with GSA. To the contrary, GSA submits an uncontested Declaration, authored by Dawn Austin, a paralegal with GSA's National Tort Claims Center ("NTCC"), the sole entity responsible for processing administrative tort claims for the GSA. *See* Declaration of Dawn Austin, ECF No. 4-1, ¶ 1. Austin clearly attests, within her professional dominion and with personal knowledge, that she searched for any existing administrative claim submitted by Andrade to the GSA, but none was found. *See id.* ¶¶ 1–3. Simply put, because Andrade has failed to exhaust her FTCA claim, this court is deprived of subject matter jurisdiction, and it is thus obligated to dismiss this matter. *See McNeil*, 508 U.S. at 113.

## CONCLUSION

For all of the reasons set forth above, GSA's Motion to Dismiss, ECF No. 4, is GRANTED and this case is DISMISSED without prejudice pursuant to Federal Rule 12(b)(1). A separate Order will be issued contemporaneously.

Date:  January 5, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge